Turley, J.
delivered the opinion of the court.
Thé question presented for consideration in this case is, whether the county court has power, under the provisions of the act of 1813, ch. 09, sec. 5, to release the securities of an administrator, without making some further provision for the security of the estate? The facts out of which the question arises, are as follows:
Leonard C. Temple was appointed administrator of Elizabeth Temple, by the county court of Bedford county, on the 1st day of February, 1836, and gave bond for the performance of his duties, with Israel Fonville, Asa Fonville, James W. Jones and Samuel Escue as his securities. At the April term, 1837, of said court, said securities, upon the joint application of themselves, and the administrator, were released from any responsibility upon the bond, and a new one taken with Samuel Escue, J. A. Blakemore, W. H. Wisener, J. W. Fogleman and C.D. Steel as securities.
At the November term of said court, 1837, Wm. H. Wisener and J, W. Fogleman, two of the last securities, were released by the court, and no new bond taken, the court being of the opinion, that the other parties to the bond were sufficient. The first proposition involved is, did the court have power to release two of the sureties, without, as a necessary consequence, releasing the whole? This is a question not debateable; there is nothing in the statute giving such power, and the exercise of it is at war with the principles of justice and the adjudged cases. The second is, did the court have the power to release the bond, without taking further steps to secure the estate? The duty of the county court in providing for the correct administration of estates, is ministerial and not judicial, and therefore, like others, acting under direct authority, they are bound to a strict compliance with their power. The act of 1715, ch. 48, requires, “that a bond with two or more sufficient securities shall be taken, before letters of administration shall be granted upon an estate.” The act of 1813, ch. 119, provides, “that securities for administrators who consider themselves in danger of becoming liable, by reason thereof,” may apply by petition to the county court for relief, which may be granted accor *523 ding to circumstances. It is the 5th section of the statute, which makes the provision; it reads in the following words:
“In all caces, wherein any person may become bound as security for any person as administrator, and shall conceive himself in danger of becoming liable by reason thereof, it shall be lawful for the county court, wherein said person so became bound, upon petition of the party, supported by oath or affidavit, forthwith to order a summons to issue against the party or parties with andfor whom the petitioner on petitioners stand bound, returnable to the next term of the court, and thereupon to compel such party or parties, to give other sufficient or counter secu-, rity, to be approved of by said court, to deliver up the said estate to the said petitioner, or to such other person as the court shall direct, or they may and are hereby authorised and empowered to make such other order or rule thereon for the relief of the petitioners, and better securing of the estate, as to them shall seem just and equitable.” Now what is the legal construction of this section? We have seen that the act of 1715, requires bond with sufficient security to be taken from an administrator. [This is done; a security or securities become apprehensive of loss by means of their liability, and they petition the county court for relief, under the act of 1813; what relief can be given? just so much as is prescribed by the statute and no more; which is the power under which the court is acting, and that is, as we think,
1st. If other good and sufficient securities approved of by the court, are given by the administrator, the bond of the first may be cancelled, and they discharged from any liability thereon.
2nd. If other sufficient securities are not given, then the court may take the estate out of the hands of the administrator, and place it in the hands of the petitioner or petitioners, or such other person as the court may direct; the consequence of which is, that in as much as security will have to be given by the person or persons into whose hands it is placed, for the performance of their duty, the original sureties will be discharged from any subsequent liability, but will be held responsible for all misbehaviour of the administrator covered by the bond, previous to the divestiture of the court.
3d. If neither of these things are done, and any other order or rule can be taken for the relief of the petitioner, and the better security of the estate, it may be, and when done, it will avail the se *524 curities, quantum valeat, but no more. The court in this case, has done neither of the things warranted by the statute; but have undertaken to release two of the securities of the administrator, and to hold the balance responsible. This they had no power to do. The consequence is, that all the securities to the bond are liable for its execution, that the judgment of the court below discharging the two, is erroneous, and must be reversed, and the case remanded for a new trial.